# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DUNKIN' DONUTS FRANCHISED RESTAURANTS LLC; DD IP HOLDER LLC, BASKIN-ROBBINS FRANCHISED SHOPS LLC, and BR IP HOLDER LLC,

**Plaintiffs,**

-vs-     Case No. 6:09-cv-216-Orl-31KRS

KPTT DONUTS, LLC ,PORT ORANGE DONUTS, LLC; KAELY DONUTS, LLC; HIGHWAY 17-92 DONUTS, LLC; LMF DONUTS, LLC; LONGWOOD DONUTS, LLC; DMDJ DONUTS, LLC; BOSTON MANAGEMENT GROUP, LLC; NOVA DONUTS, LLC; D. MICHAEL THOMPSON; BRIAN P. KINSLEY; STEPHEN E. THOMPSON; PAUL R. PAQUETTE; ANTONIO L. LOPEZ

**Defendants.**

## ORDER

THIS CAUSE came before the Court after a hearing on Plaintiffs' Motion for Preliminary Injunction (Doc. 2) ("Motion"), Defendants' response in opposition (Doc. 29) ("Opposition"), and Plaintiffs' reply (Doc 34), and being otherwise duly advised in the premises, the Court hereby finds and orders as follows:

**A. FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court finds that Plaintiffs, Dunkin' Donuts Franchised Restaurants LLC, DD IP Holder LLC, Baskin-Robbins Franchised Shops LLC and BR IP Holder LLC, are likely to succeed on the merits of their claims for breach of contract, trademark infringement, trade dress infringement and unfair competition based on the following findings:

1. Dunkin' Donuts Franchised Restaurants LLC ("DDFR") is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.

2. DD IP Holder LLC ("DDIP") is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts. DDFR and DDIP are collectively referred to herein as "Dunkin'" or "Dunkin' Donuts".

3. Baskin-Robbins Franchised Shops LLC ("BRFS") is a California limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.

4. BR IP Holder LLC ("BRIP") is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts. BRFS and BRIP are collectively referred to herein as "Baskin" or "Baskin-Robbins".

5. DDFR is engaged in the business of franchising independent business persons to operate Dunkin' Donuts shops throughout the United States.

6. DDIP is the owner of the trademark, service mark, and trade name "Dunkin' Donuts" and related marks. DDFR has a license to use and license others to use these marks and trade name and has used them continuously since approximately 1960 to identify its doughnut shops, and the doughnuts, pastries, coffee and other products associated with those shops.

7. DDIP owns numerous federal registrations for the mark "Dunkin' Donuts" and related marks. Among those registrations are Registration Nos. 748,901, 1,148,165, and 1,159,354. Each of these registrations is in full force and effect, and incontestable pursuant to 15 U.S.C. §1065.

8. The Dunkin' Donuts trademarks and trade name are distinctive and famous and have acquired secondary meaning.

9. The Dunkin' Donuts trademarks and trade name are utilized in interstate commerce.

10. The Dunkin' Donuts trademarks have been very widely advertised and promoted by Dunkin' Donuts over the years. As a result, the Dunkin' Donuts trademarks have become distinctive and famous throughout the United States.

11. Dunkin' Donuts and its franchisees currently operate approximately 5,600 shops in the United States and 2,000 shops outside the United States. Dunkin' Donuts shops feature Dunkin' Donuts' distinctive trade dress, including the pink and orange color scheme, and the frankfurter lettering style. In the more than fifty (50) years since the Dunkin' Donuts system began, millions of customers have been served in Dunkin' Donuts shops.

12. As a result of the extensive sales, advertising, and promotion of items identified by the Dunkin' Donuts trademarks, the public has come to know and recognize the Dunkin' Donuts marks, and associate them exclusively with products and services offered by Dunkin' Donuts and its franchisees. The Dunkin' Donuts marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Dunkin' Donuts, representing and embodying Dunkin' Donuts' considerable goodwill and favorable reputation.

13. BRFS is engaged in the business of franchising independent business persons to operate Baskin-Robbins shops throughout the United States.

14. BRIP is the owner of the trademark, service mark, and trade name "Baskin-Robbins" and related marks. BRFS has a license to use these marks and trade names and has used them continuously since approximately 1947 to identify its ice cream stores, and the ice cream and other products associated with those stores.

15. Baskin-Robbins is authorized to use the Baskin-Robbins' trademarks, service marks, and trade names and to sublicense Baskin-Robbins franchisees to use these trademarks and trade names.

16. BRIP owns numerous federal registrations for the mark "Baskin-Robbins" or derivations thereof, as well as related marks. Among those registrations are Registration Nos. 1,185,045, 3,124,982 and 3,124,983. Each of these registrations is in full force and effect, and most of them are incontestable pursuant to 15 U.S.C. § 1065.

17. The Baskin-Robbins trademarks are used in interstate commerce.

18. The Baskin-Robbins trademarks have been very widely advertised and promoted by Baskin-Robbins over the years. As a result, the Baskin-Robbins trademarks have become distinctive and famous throughout the United States.

19. Baskin-Robbins and its franchisees currently operate approximately 2,500 stores in the United States and 3,000 stores outside the United States. In the more than fifty (50) years since the Baskin-Robbins system began, millions of customers have been served in Baskin-Robbins stores.

20. As a result of the extensive sales, advertising, and promotion of items identified by the Baskin-Robbins trademarks, the public has come to know and recognize the Baskin-Robbins marks and associate them exclusively with the products and services offered by Baskin-Robbins and its franchisees. The Baskin-Robbins marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Baskin-Robbins, representing and embodying Baskin-Robbins' considerable goodwill and favorable reputation.

21. On August 22, 2003, DDFR, BRFS and defendant KPTT Donuts, LLC ("KPTT Donuts") entered into a Franchise Agreement (the "KPTT Franchise Agreement") pursuant to which KPTT Donuts was authorized to operate a retail doughnut and ice cream shop located at 1142 Saxon Boulevard, Orange City, Florida 32763 (the "KPTT Shop").

22. On November 10, 2007, DDFR and defendant Port Orange Donuts, LLC ("Port Orange Donuts") entered into a Franchise Agreement (the "Port Orange Franchise Agreement") pursuant to which Port Orange Donuts was authorized to operate a retail doughnut shop located at 3821 South Ridgewood Avenue, Port Orange, Florida 32119 (the "Port Orange Shop").

23. On May 25, 2006, DDFR and defendant Kaely Donuts, LLC ("Kaely Donuts") entered into a Franchise Agreement (the "Kaely Franchise Agreement") pursuant to which Kaely Donuts was authorized to operate a retail doughnut shop located at 2000 Orange Avenue, Orlando, Florida 32806 (the "Kaely Shop").

24. On May 25, 2006, DDFR and defendant LMF Donuts, LLC ("LMF Donuts") entered into a Franchise Agreement (the "LMF Franchise Agreement") pursuant to which LMF Donuts was authorized to operate a retail doughnut shop located at 4610 W. Lake Mary Boulevard, Lake Mary, Florida 32746 (the "LMF Shop").

25. On January 6, 2005, DDFR and defendant Longwood Donuts, LLC ("Longwood Donuts") entered into a Franchise Agreement (the "Longwood Franchise Agreement") pursuant to which Longwood Donuts was authorized to operate a retail doughnut shop located at 801 State Road 434 W., Longwood, Florida 32750 (the "Longwood Shop").

26. On October 15, 2004, DDFR and defendant DMDJ Donuts, LLC ("DMDJ Donuts") entered into a Franchise Agreement (the "DMDJ Franchise Agreement") pursuant to which DMDJ Donuts was authorized to operate a retail doughnut shop located at 3780 Orlando Drive, Sanford, Florida 32773 (the "DMDJ Shop").

27. On March 26, 2004, DDFR and defendant Boston Management Group, LLC ("BMG") entered into a Franchise Agreement (the "BMG Franchise Agreement") pursuant to which BMG was authorized to operate a retail doughnut shop located at 4510 W. State Road 46, Sanford, Florida 32771 (the "BMG Shop").

28. On January 13, 2006, DDFR and defendant Nova Donuts, LLC ("Nova Donuts") entered into a Franchise Agreement (the "Nova Franchise Agreement") pursuant to which Nova Donuts was authorized to operate a retail doughnut shop located at 1506 S. Nova Road, Daytona Beach, Florida 32114 (the "Nova Shop").

29. Pursuant to the KPTT Franchise Agreement, the Port Orange Franchise Agreement, the Kaely Franchise Agreement, the LMF Franchise Agreement, the Longwood Franchise Agreement, the DMDJ Franchise Agreement, the BMG Franchise Agreement, and the Nova Franchise Agreement (collectively, the "Franchise Agreements"), KPTT Donuts, Port Orange Donuts, Kaely Donuts, LMF Donuts, Longwood Donuts, DMDJ Donuts, BMG, and Nova Donuts

were required to pay franchise and advertising fees and other amounts to Dunkin', Baskin-Robbins and their affiliates.

30. KPTT Donuts, Port Orange Donuts, Kaely Donuts, LMF Donuts, Longwood Donuts, DMDJ Donuts, BMG, and Nova Donuts breached the Franchise Agreements by failing to pay franchise and advertising fees and other amounts owed to Dunkin' Donuts, Baskin-Robbins and their affiliates.

31. The Franchise Agreements were properly terminated after notice and an opportunity to cure as required by the Franchise Agreements.

32. KPTT Donuts, Port Orange Donuts, Kaely Donuts, LMF Donuts, Longwood Donuts, DMDJ Donuts, BMG, and Nova Donuts continue to occupy the KPTT Shop, the Port Orange Shop, the Kaely Shop, the 17-92 Shop, the LMF Shop, the Longwood Shop, the DMDJ Shop, the BMG Shop and the Nova Shop (collectively, the "Defendants' Shops") and operate them as Dunkin' Donuts and/or Dunkin' Donuts/Baskin-Robbins shops.

33. As a result of the defendants' conduct, Dunkin' Donuts and Baskin-Robbins have suffered and are continuing to suffer irreparable injury, and have incurred and are continuing to incur monetary damages in an amount that has yet to be determined.

34. Plaintiffs have no adequate remedy at law and are entitled to preliminary injunctive relief prohibiting defendants KPTT Donuts, LLC, Port Orange Donuts, LLC, Kaely Donuts, LLC, LMF Donuts, LLC, Longwood Donuts, LLC, DMDJ Donuts, LLC, Boston Management Group, LLC, Nova Donuts, LLC, D. Michael Thompson, Brian P. Kinsley, Stephen E. Thompson, and Antonio L. Lopez from operating the defendants' shops and from otherwise infringing on Plaintiffs' trademarks and trade name.

Based on the foregoing findings of fact and conclusions of law, it is ORDERED, ADJUDGED and DECREED as follows:

1. The Motion is GRANTED.

2. Defendants KPTT Donuts, LLC, Port Orange Donuts, LLC, Kaely Donuts, LLC, LMF Donuts, LLC, Longwood Donuts, LLC, DMDJ Donuts, LLC, Boston Management Group, LLC, Nova Donuts, LLC, D. Michael Thompson, Brian P. Kinsley, Stephen E. Thompson, and Antonio L. Lopez, individually and collectively, and all those acting in concert therewith, are preliminarily enjoined from operating the Dunkin' Donuts and/or Dunkin' Donuts/Baskin-Robbins Shops located at (i) 1142 Saxon Boulevard, Orange City, Florida 32763; (ii) 3821 South Ridgewood Avenue, Port Orange, Florida 32119; (iii) 2000 Orange Avenue, Orlando, Florida 32806; (iv) 4610 Lake Mary Boulevard, Lake Mary, Florida 32746; (v) 801 State Road 434 W., Longwood, Florida 32750; (vi) 3780 Orlando Drive, Sanford, Florida 32773, (vii) 4510 W. State Road 46, Sanford, Florida 32771, and (viii) 1506 S. Nova Road, Daytona Beach, Florida 32114, effectively immediately.

3. Defendants KPTT Donuts, LLC, Port Orange Donuts, LLC, Kaely Donuts, LLC, LMF Donuts, LLC, Longwood Donuts, LLC, DMDJ Donuts, LLC, Boston Management Group, LLC, Nova Donuts, LLC, D. Michael Thompson, Brian P. Kinsley, Stephen E. Thompson, and Antonio L. Lopez, individually and collectively, and all those acting in concert therewith, are preliminary enjoined from utilizing Plaintiffs' trade names, service marks, proprietary and confidential information and systems.

4. Defendants KPTT Donuts, LLC, Port Orange Donuts, LLC, Kaely Donuts, LLC, LMF Donuts, LLC, Longwood Donuts, LLC, DMDJ Donuts, LLC, Boston Management Group, LLC,

Nova Donuts, LLC, D. Michael Thompson, Brian P. Kinsley, Stephen E. Thompson, and Antonio L. Lopez shall:

    a. Not directly or indirectly at any time or in any manner use any trademarks, service marks or trade dress used to identify the products and/or services offered by Dunkin' Donuts and/or Baskin-Robbins shops, including the marks Dunkin' Donuts®, Baskin-Robbins®, or the distinct building designs and interior and exterior color schemes (collectively, the "Marks") or any colorable imitation or other indicia of a Dunkin' Donuts and/or Baskin-Robbins shop;

    b. Discontinue using for any purpose all signs, fixtures, furniture, décor, items, advertising materials, forms and other materials and supplies which display any of the Marks or any distinctive features, images, or designs associated with a Dunkin' Donuts and/or Baskin-Robbins shop;

    c. Promptly remove from all buildings and premises and discontinue using for any purpose, all signs, fixtures, furniture, décor items, advertising materials, forms and other materials and supplies which display any of the Marks or any distinctive features, images, or designs associated with a Dunkin' Donuts and/or Baskin-Robbins shop and, at their own expense, make such alterations as may be necessary to distinguish all buildings so clearly from their former appearance as Dunkin' Donuts and/or Baskin-Robbins shops as to prevent any possibility of confusion to the public; and

      d. Immediately cease use of all Confidential Information, as defined in the Franchise Agreements, and return to Plaintiffs all copies of all Operations Manuals and other confidential materials which have been loaned to Defendants by Plaintiffs.

5. This order shall take effect at 5:01 p.m. on Monday, March 2, 2009, and Defendants KPTT Donuts, LLC, Port Orange Donuts, LLC, Kaely Donuts, LLC, LMF Donuts, LLC, Longwood Donuts, LLC, DMDJ Donuts, LLC, Boston Management Group, LLC, Nova Donuts, LLC, D. Michael Thompson, Brian P. Kinsley, Stephen E. Thompson and Antonio L. Lopez shall immediately thereafter make every reasonable effort to comply with all of its terms no later than 11:59 p.m. on March 31, 2009. Defendants KPTT Donuts, LLC, Port Orange Donuts, LLC, Kaely Donuts, LLC, LMF Donuts, LLC, Longwood Donuts, LLC, DMDJ Donuts, LLC, Boston Management Group, LLC, Nova Donuts, LLC, D. Michael Thompson, Brian P. Kinsley, Stephen E. Thompson and Antonio L. Lopez are ordered to file with the Court and serve Plaintiffs on April 1, 2009, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction granted herein.

6. Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiffs are ordered to post security with the Clerk of this Court in the amount of $200,000 on or before 5:00 p.m. on Monday, March 2, 2009.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 27, 2009.

*[signature]*
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party